**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **10-02470-hb**
Adversary Proceeding Number: **10-80099-hb**

**ORDER**

The relief set forth on the following pages, for a total of 13 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**10/01/2010**



Entered: 10/04/2010

/s/ John E. Waites
US Bankruptcy Judge
District of South Carolina

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Donald Lee Malone and Sonya Gaines Malone,<br><br>Debtor(s). | C/A No. 10-02470-HB<br><br>Adv. Pro. No. 10-80099-HB |
| First Citizens Bank and Trust,<br><br>Plaintiff(s),<br><br>v.<br><br>Donald Lee Malone<br>Sonya Gaines Malone,<br><br>Defendant(s). | Chapter 13<br>**ORDER** |

This matter is before the Court on Donald Lee Malone and Sony Gaines Malone's ("Debtors" or "Defendants") Motion to Dismiss (Docket # 4 "Motion"). Defendants seek relief from the Court under Fed. R. Civ. P. 12(b)(6). A response in opposition to Defendants' Motion was filed by First Citizens Bank and Trust ("First Citizens" or "Plaintiff"). The Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

As stated on the record at the hearing, this Order will also address the Motion to Strike (Docket # 5) filed by Defendants.

**Background and Factual Allegations**

Plaintiff claims the debts owed to it are excepted from discharge pursuant to 11 U.S.C. § 523(a)(2), (4) and (6). Plaintiff's Complaint asserts that the Defendants improperly continued to draw on their home equity line of credit ("HELOC") after the sale of the home

securing this loan ("Subject Property"). Plaintiff claims that Defendants' post-sale withdrawals on the account after sale of the Subject Property were fraudulent acts. The Complaint alleges that Defendants obtained the Subject Property in 1993 and "[o]n or about August 15, 2001, the Defendant Sony Gaines Malone transferred her interest in [the Subject Property] to Defendant Donald Lee Malone, and he became the sole owner." (Docket # 1 at ¶ 2). The Complaint also states that on September 25, 2001, Defendant Donald Lee Malone obtained a HELOC for $35,000.00 and executed a mortgage on the Subject Property to secure the HELOC. A copy of the HELOC note and security agreement were attached to and made part of Plaintiff's Complaint. On December 3, 2002, Defendant Donald Lee Malone sold the Subject Property.

Plaintiff alleges that it did not receive notice of the sale of the Subject Property and continued to mail checks to make draws from the HELOC. Despite the sale of the Subject Property, the Complaint alleges that the "Defendants" continued to borrow money by making draws on the HELOC from the checks sent by Plaintiff to Defendants through December 2007. According to Plaintiff's Complaint and attachments, Defendant Donald Lee Malone was the sole owner of the Subject Property and the HELOC was obtained solely by him. However, Plaintiff refers to "Defendants" in the plural throughout its Complaint when discussing the use of the HELOC after the Subject Property was sold. It is unclear whether this is a typographical error or whether Plaintiff intends to pursue Defendant Sonya Gaines Malone.[1]

---

[1] For example, Docket #1, ¶ 14 states "…the Defendants should have known that the account that was secured by the Subject Property **he** no longer owned, should have been closed, but **he** willfully began taking substantial advances…"

Plaintiff does not allege that the HELOC was initially obtained from Plaintiff through fraudulent means. Rather Plaintiff's Complaint states that "the Defendants obtained money, or an extension, renewal or refinancing of credit by using false pretenses, a false representation, or actual fraud **insofar as they *continued* to use the *existing* HELOC** after the Subject Property was sold . . ." (Docket # 1 ¶ 22) (emphasis added). The Complaint alleges that "Defendants obtained the loan under the consideration that it would be secured, that their use of the loan was authorized only while the debt was secured, and their continued use of the line of credit after the sale of the Subject Property and after the satisfaction of the mortgage is clearly fraudulent." (Plaintiff's Complaint Docket #1 ¶ 26). Plaintiff alleges that Defendants "knew they had a duty to report the sale of the Subject Property and would have known at that point the line of credit would have been closed if not further secured." (Docket # 1 ¶ 24). In the documents attached to the Complaint, Defendants promised "not to use Check(s) to obtain or try to obtain Advances from [lender] or anyone else when [debtor's] privileges have been cancelled, suspended or otherwise withdrawn **by [lender]**." (Docket #1, Exhibit A ¶ 6) (emphasis added). The loan documents attached to the Complaint further provide:

> **At the option of the Lender**, the indebtedness secured by this Mortgage shall become due and payable if, without the written consent of the Lender, the Mortgagor shall convey away the mortgaged premises, or if the title shall become vested in any other person in any manner whatsoever (to include a Sales Contract) other than by death of the Mortgagor . . .

Docket # 1, Exhibit B ¶ 7 (emphasis added).

Defendants voluntarily and jointly filed for bankruptcy protection under chapter 13 on April 5, 2010, and they do not propose to pay this debt in full in their chapter 13 plan. At the time of filing the HELOC had an outstanding balance of approximately $35,000.00

3

**Discussion and Conclusions of Law**

The Complaint seeks a determination from this Court that should the Defendants be entitled to a discharge in this case, this debt should be excepted from that discharge pursuant to 11 U.S.C. § 523(a)(2), (4), and (6). Defendants contend that Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

Pursuant to Fed. R. Civ. P. 12(b)(6)[2], a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. In reviewing claims for failure to state a claim, a court must construe the allegations in the light most favorable to the plaintiff. In order to survive a motion to dismiss, the pleader must provide more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008. Furthermore, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

"'[A] judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings.'" *McBurney v. Cuccinelli*, 2010 WL 2902787, 13 (4th Cir. 2010) (quoting *Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1232 (11th Cir. 2010)). "Exhibits to a pleading are considered a part of [the pleadings] and may be considered on a Rule 12(b)(6) motion without converting the motion to one for summary judgment." *Savage v. NC Dept. of Corr.*, 2007 WL 2904182, 11

---

[2] This rule is made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b).

4

(E.D.N.C. 2007) (citations omitted). In addition, "we have held that when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir.1999)).

Pursuant to Fed. R. Civ. P. 8, a pleading does not require detailed factual allegations; however it demands more than an unadorned "the-defendant-unlawfully-harmed-me" accusation. *Twombly*, 550 U.S. at 555. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements are insufficient. *Iqbal*, 129 S. Ct. at 1949. Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 1950. A motion pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint and should be considered with the assumption that the facts alleged in the complaint are true. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted).

"Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 998 (2002) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, (1984)). However, "if a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Id.* Rule 12(e) allows a defendant to move for a more definite statement if the complaint is "so vague or ambiguous that the [defendant] cannot reasonably

5

prepare a response." Fed R. Civ. P. 12(e).[3] "A motion for a more definite statement is ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." *Valentine v. Brock & Scott, PLLC*, 2010 WL 1727681, 2 (D.S.C. 2010) (citing *Gleichauf v. Ginsberg,* 859 F.Supp. 229, 233 (S.D.W.Va. 1994)).

When considering the applicability of an exception to discharge under § 523(a), the court must construe the exception narrowly to protect the primary purpose of the Bankruptcy Code, which is to provide a debtor with a financial fresh start. *See Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999).

### Plaintiff's Second Cause of Action, 11 U.S.C. § 523(a)(4)

Section 523(a)(4) excepts debts from discharge that arise out of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). This case does not involve embezzlement or larceny.[4] Therefore, in order for § 523(a)(4) to apply the debt must have been incurred as a result of fraud or defalcation while the Debtors were acting in a fiduciary capacity.

"To prevail on a § 523(a)(4) claim, the movant must establish, by a preponderance of the evidence the existence of both: (A) a fiduciary relationship and (B) a defalcation while

---

[3] Fed. R. Civ. P. 12(e) states:
A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

[4] *See Moore v. United States*, 160 U.S. 268, 269-70 (1895)
"Embezzlement is the fraudulent appropriation of property by a person to whom such property has been intrusted [sic], or into whose hands it has lawfully come. It differs from larceny in the fact that the original taking of the property was lawful . . . . while in larceny the felonious intent must have existed at the time of the taking."
*See, e.g., First Premier Bank v. Moller (In re Moller),* 2005 WL 1200916, 2 (Bankr. N.D. Iowa 2005) ("One cannot embezzle one's own property . . . where a creditor holds nothing more than a security interest a debtor's property, the relationship is insufficient to support a finding of embezzlement.'") (citation omitted)); *Am. Gen. Fin. Inc. v. Heath (In re Heath)*, 114 B.R. 310, 312 (Bankr. N.D. Ga. 1990) ("[P]laintiff's security interest does not give plaintiff an absolute ownership interest nor does it defeat defendant's ownership interest.").

6

acting in that fiduciary capacity." *Centra Bank, Inc. v. Burton (In re Burton)*, 416 B.R. 539, 542 (Bankr. N.D. W.Va. 2009) (citations omitted). "This section 'was intended to reach those debts incurred through abuses of fiduciary positions.'" *In re Harrell* 1999 WL 150278, 3 (4th Cir. 1999) (quoting 850 *Miller v. J.D. Abrams, Inc. (In re Miller),* 156 F.3d 598, 602 (5th Cir.1998)).

Plaintiff failed to allege that any fiduciary relationship existed between Plaintiff and Defendants. The relationship between the Plaintiff and Defendants is a debtor-creditor relationship, and there are no facts asserted or any legal authority cited by the Plaintiff upon which the Court could find a fiduciary relationship. Because Plaintiff cannot prevail on any claim under § 523(a)(4), the cause of action is dismissed.

## Plaintiff's Third Cause of Action, 11 U.S.C. § 523(a)(6)

Section 523(a)(6) prohibits the discharge of any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

> As the Supreme Court instructs in *Geiger*, § 523(a)(6) applies only to "acts done with *the actual intent to cause injury.*" Section 523(a)(6) is not satisfied by negligent, grossly negligent or reckless conduct. Moreover, the mere fact that a debtor engaged in an intentional act does not necessarily mean that he acted willfully and maliciously for purposes of § 523(a)(6). "[N]ondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury."

*In re Duncan*, 448 F.3d 725, 729 (4th Cir. 2006) (internal citations omitted) (emphasis in original); *see also Parkvale Bank v. LaPosta (In re LaPosta)*, 2010 WL 3447660, 5 (Bnkr. N.D. W. Va. 2010) ("Thus, for an injury to be 'willful,' the debtor must have intended the consequences of the debtor's act. More specifically, intentional conduct occurs when a debtor knows that the consequences flowing from the complained of acts are certain, or

7

substantially certain."). "In the Fourth Circuit, malicious injury is brought about when 'a debtor's injurious act is done deliberately and intentionally in knowing disregard of the rights of another.'" *In re Shaffer*, 305 B.R. 771, 776 (Bnkr. D.S.C. 2004) (quoting *First Nat'l Bank v. Stanley (In re Stanley),* 66 F.3d 664, (4th Cir.1995)).

Plaintiff refers to §523(a)(6), but nowhere in the complaint is there a factual allegation containing any basis for a claim of willful and malicious injury to Plaintiff or its property. Plaintiff merely and summarily states that "Defendants have willfully and maliciously caused injury to the Plaintiff and its Subject Property, being the funds they borrowed, by fraudulently taking money from Plaintiff and wasting it at the expense of their creditors including Plaintiff." (Docket # 1 ¶ 40). However, Plaintiff does not allege that Defendants had any **intent to injure** this Plaintiff. Instead it appears that the allegations support merely an intent to act in a manner that may have subsequently caused injury to this Plaintiff. In this case there is no allegation that at the time the debts were incurred Defendants did not intend to repay those debts, intentionally causing injury to Plaintiff. Therefore, there are no allegations of intentional harm to Plaintiff or its property. The claim under § 523(a)(6) is dismissed.

### Plaintiff's First Cause of Action, 11 U.S.C. § 523(a)(2)

Plaintiff asserts that Defendants' continued use of the existing HELOC without informing Plaintiff that the Subject Property had been sold constituted "obtain[ing] money, or an extension, renewal or refinancing of credit by using false pretenses, a false representation, or actual fraud . . . ." (Docket # 1 ¶ 22).

Plaintiff refers to § 523(a)(2) in its Complaint without noting or differentiating its two subsections, which require significantly different allegations. § 523(a)(2)(A) excepts

8

from discharge debt obligations obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). An actionable claim pursuant to § 523(a)(2)(A) requires a plaintiff to allege:

> (1) that the debtor made a representation,
> (2) that at the time the representation was made, the debtor knew it was false,
> (3) that the debtor made the false representation with the intention of defrauding the creditor,
> (4) that the creditor justifiably relied upon the representation, and
> (5) that the creditor was damaged as a proximate result of the false representation.

*In re Bleam*, 356 B.R. 643, 647 (Bankr. D.S.C. 2006).

The plain language of § 523(a)(2)(A) "demonstrates that Congress excepted from discharge not simply any debt incurred as a result of fraud but only debts in which the debtor used fraudulent means to obtain money, property, services, or credit." *Nunnery v. Rountree (In re Rountree)* 478 F.3d 215, 219 (4th Cir. 2007).

Section 523(a)(2)(B) refers to debt obligations incurred as a result of a false written statement. Subsection (2)(B) requires the creditor to allege:

> use of a statement in writing—
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive

11 U.S.C. § 523(a)(2)(B). "The additional subsection of § 523(a)(2) . . . § 523(a)(2)(B), makes clear that Congress intended § 523(a)(2) to protect creditors who were tricked by

9

debtors into loaning them money or giving them property, services, or credit through fraudulent means." *Id.* At 219-20. [5]

"A written statement is materially false if it paints a substantially untruthful picture of a financial condition by misrepresenting information of the type which would normally affect the decision to grant credit." *In re Pusateri*, 432 B.R. 181, 201 (Bnkr. W.D.N.C. 2010) (citing *Cmty. Bank of Homewood-Flossmoor v. Bailey (In re Bailey),* 145 B.R. 919, 930 (Bnkr. N.D. Ill. 1992)). Plaintiff does not allege that Defendants used a false written statement in order to obtain the initial HELOC to support its claims pursuant to § 523(a)(2)(B) or to obtain additional draws on that loan.[6] Therefore, § 523(a)(2)(B) is not applicable and to the extent that Plaintiff relies on this code section any such causes of action must be dismissed.

Regarding § 523(a)(2)(A), plaintiff does not allege that the fraud in question occurred at the time the HELOC was obtained. Rather, it appears that Plaintiff claims that each check written by the Debtors drawing on the HELOC after the Subject Property was sold is subject to an exception to discharge pursuant to § 523(a)(2)(A). Plaintiff asserts that by continuing to write checks after the Subject Property securing the loan was sold Defendants fraudulently represented that they had the authority to write the checks, to use the account and that they would repay the loan, and Plaintiff was damaged as a result. *See* Docket # 1 at ¶ 23.

---

[5]     S*ee also Skyles v. Stinson (In re Stinson*), 2007 WL 781330, 4 (Bnkr. W.D. Ky. 2007) ("Plaintiffs' claim under 11 U.S.C. § 523(a)(2)(A) must fail because Defendant did not at the inception of the loan knowingly and intentionally make a false and deceptive representation to Defendants upon which they justifiably relied to their detriment. That is, **there was no fraud in the inducement of the loan**." (emphasis added)). *But see Old Republic Nat'l Title Ins. Co. v. Baxter (In re Baxter)*, 2010 WL 3447625, 7 (Bnkr. E.D. Mo. 2010) (holding that debtors' continual withdrawal of "funds on a line of credit they knew should have been closed, with the purpose and intent to obtain funds to which they would not otherwise have access" constituted a cause of action under § 523(a)(2)(A)).

[6]     In fact there is no allegation that Sonya Gaines Malone gave Plaintiff any statement or incurred any debt to Plaintiff.

10

"Silence or concealment as to a material fact can constitute a false pretense or a false representation as surely as an overt act." *In re Wooten*, 423 B.R. 108, 121 (Bnkr. E.D. Va. 2010 (citing *Cmty. Hosp. of Roanoke Valley, Inc. v. Musser (In re Musser)*, 24 B.R. 913, 918 (W.D. Va. 1982)). "Fraud and misrepresentation may be established by a failure to disclose on the part of the debtor where such failure creates a false impression which is known by the debtor." *Caldwell v. Hanes (In re Hanes)*, 214 B.R. 786, 809 (Bnkr. E.D. Va. 1997) (citations omitted).

> An intent to deceive may be inferred from a false representation which the debtor should have known would induce a creditor. The Court has held if the debtor recklessly makes false representations that he should know will induce another to rely thereon, intent to deceive may be inferred for purposes of § 523(a)(2)(A). The recklessness must exceed negligence and rise to the level of reckless disregard for the truth.

*In re Hathaway*, 364 B.R. 220, 235 (Bnkr. E.D. Va. 2007) (internal citations omitted). Taking these allegations in the light most favorable to the Plaintiff, a cause of action under § 523(a)(2)(A) has been sufficiently pled against Defendant Donald Lee Malone.

### Causes of Action Asserted Against Defendant Sonya Gaines Malone

Although Sonya Gaines Malone is often included within the term "Defendants", the only relevant debt owed to Plaintiff was allegedly incurred by and owed by Defendant Donald Lee Malone. Therefore, an essential element is missing to maintain a cause of action against Sonya Gaines Malone: There is no underlying debt owed by her to Plaintiff that can be excepted from discharge. Therefore, she must be dismissed from this adversary proceeding.

**Motion to Strike**

For the reasons stated on the record at the hearing, the Court grants the Defendants' Motion to Strike a portion of the Complaint, Docket #1, Paragraph 38. The stricken portion is as follows:

> Upon information and belief, in violation of the law, Plaintiff believes their lawyer also advised them to incur debt through the purchase of a vehicle in 2010, the same month they paid their lawyer to file this case. Had they not done so, they would have more of an ability to repay this loan through a repayment plan.

(Docket # 1 at ¶ 38). However, this statement is set forth in Plaintiff's Third Cause of Action which is asserted pursuant to § 523(a)(6) and that Cause of Action is also dismissed in its entirety as discussed above.

**IT IS THEREFORE ORDERED,**

1. That the Motion to dismiss is hereby granted as to all claims asserted against Defendant Sonya Gaines Malone;

2. That the Motion to dismiss is hereby denied as to any claims asserted by Plaintiff against Defendant Donald Lee Malone pursuant to 11 U.S.C. § 523(a)(2)(A);

3. That the Motion to dismiss is granted as to all remaining causes of action asserted against Defendant Donald Lee Malone.